# Leater et al. v. Jackson et al.

Dec. 4, 1945.

Zeb A. Stewart and S. B. Knuckles for appellants.
H. H. Owens and Guy L. Dickinson for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

This action involves the title to approximately three acres of bottom land which was formerly owned by Richard Epperson. In 1935, the appellants, who instituted the action, purchased a tract of land from Epperson. It is their contention that their deed included the boundary in dispute. In 1943, the appellees had recorded a deed which was executed to them by Richard Epperson in 1924. They contend that their deed included the disputed tract. The appellants advanced proof to the effect that they fenced the entire tract covered by their deed shortly after they made the purchase, and had possession of it until the appellees began trespassing upon the disputed tract in 1943. They said that they had rented a small part of the land in dispute to the appellees at one time. The appellants also introduced proof to the effect that they rented the disputed tract to other parties at various times. The appellees say it was not until 1943 that the appellants did the fencing, and that the father of the appellants, who is now deceased, rented part of the land from them for several years from which he cut the hay, and also that he was hired by them to clear part of it.

It would be hard to find a case where there is sharper conflict in the evidence on the question of possession, but there are other circumstances which convince us that the appellants were not innocent purchasers without notice, as they now contend, and we believe the special chancellor's ruling to that effect was correct.

The appellants' deed called for six acres more or less. The description follows: ''Beginning at a dog-

wood at the County road; and running to a sycamore on the bank of Moore's Creek, a conditional line between Frank Epperson and Richard Epperson; thence with Moore's Creek down same to a willow on the banks of Moore creek and known as a corner between Richard Epperson, and George Mayo and Bertie Mayo; thence with a conditional line between Richard Epperson and George Mayo and Bertie Mayo, to a stone on the side of a ditch at Edna Jackson line; thence with the said Jackson line to a stone at the corner of Edna Jackson's garden; thence with her line to a stone at the County road; thence with the County road up the road to the beginning corner. The above described tract of land is to include all the bottom land that the said first party (Richard Epperson) owns below the County Road.'' They contend that the Edna Jackson line referred to three times in the foregoing description was a part of the boundary of a little more than a half acre of land on which the Jacksons resided, and that instead of their deed including six acres, it included approximately nine acres. Epperson said when the conveyance was made in 1935 he pointed out the boundary line to the appellants, and that he did not convey to them the whole tract. On the other hand, the appellants say that the line pointed out by Epperson was the one surrounding the half acre tract. We think it was significant also that the deed called only for all the bottom land which Epperson owned below the county road. The appellants knew that the Jacksons were residing upon the property, but, of course, they testified they knew nothing of the 1924 deed. This deed called for three acres more or less. For several years the Jacksons listed only the half acre of ground for taxation, but we do not think that fact would overcome the provisions of the deed. If the position of the appellants were upheld, they would be getting almost 50 per cent more land than their deed called for. There is testimony also that on more than one occasion the appellants tried to buy the land in dispute from the Jacksons. The chancellor concluded that the appellants were not entitled to have the appellees' deed cancelled, because it had not been recorded, and he adjudged that the appellees take three acres of ground and that the appellants take the remainder of the tract—6.12. We think that ruling is correct.

Wherefore, the judgment is affirmed.